IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS ATTEBERRY, etc.,         )
                                )
           Plaintiffs,          )
                                )
     v.                         )    No.  07 C 744
                                )
ESURANCE INSURANCE SERVICES, INC., )
                                )
           Defendant.           )

## MEMORANDUM ORDER

Esurance Insurance Services, Inc. ("Esurance") has just filed a Notice of Removal ("Notice") to bring this action from the Circuit Court of Cook County to this District Court, seeking to invoke both diversity of citizenship and the Class Action Fairness Act of 2005 ("CAFA") as predicates for federal subject matter jurisdiction. In the exercise of its obligation to turn in the first instance to the existence or nonexistence of subject matter jurisdiction (see, e.g., Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986)), this Court sua sponte remands this action to its point of origin pursuant to 28 U.S.C. §1447(c).[1]

Esurance acknowledges that this action was not removable when it was first filed (Notice ¶2), but it asserts that the filing of an Amended Complaint by Dennis Atteberry ("Atteberry") on his own behalf and on behalf of other members of a purported

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

class operated to trigger potential removability on January 16, 2007 (Notice ¶3). In that respect Esurance points to the provision of Section 155 of the Illinois Insurance Code ("Code §155," 215 ILCS 5/155) that may allow a statutory award not to exceed $60,000 plus attorney fees by reason of an insurer's bad faith in the handling of claims. But Esurance's analysis in that respect is doubly flawed.

For one thing, Esurance's reliance on the $60,000 figure in Code §155 is highly suspect--as the statute makes plain, no award in that amount is possible unless the $60,000 ceiling figure is less than 60% of Atteberry's recovery, and nothing to which Esurance has pointed supports that proposition. Hence Esurance's hypothetical valuation based on that premise does not support the existence of the requisite jurisdictional floor.

But even if that were not the case, Esurance is wrong in having included an assumed amount of attorney fees <u>in excess of</u> $15,000[2] to push Atteberry's wrongly assumed $60,000 claim over the jurisdictional floor applicable to diversity actions. That second assumption ignores the principle announced by our Court of Appeals in <u>Gardynski-Leschuk v. Ford Motor Co.</u>, 142 F.3d 955, 958 (7th Cir. 1998) that only fees already incurred at the time that federal jurisdiction is invoked, <u>not</u> anticipated fees, may be counted toward the requisite amount in controversy. Although

---

[2] Notice ¶3 says $15,000, but that would not do the job.

2

Judge Easterbrook's discussion for the panel in <u>Gardynski-Leschuk</u> provides a thoughtful elaboration on that principle, it is summarized succinctly in this single sentence (<u>id</u>.):

> Yet jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant.

All of that means that Esurance has struck out on the diversity-of-jurisdiction front. And as for CAFA, quite apart from Esurance's totally mistaken calculation of the class claims for the same reasons that its calculation of Atteberry's individual claim is wrong, Esurance has indulged nothing beyond unsupported speculation as to the size of the potential class and hence as to the prospect (dubious even on Esurance's mistaken assumptions) that the $5 million jurisdictional minimum under CAFA is at issue.

Accordingly this Court finds that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)),[3] so that the same statute mandates a remand to the Circuit Court. This Court so orders, and the Clerk of this Court is ordered to mail the certified copy of the remand order forthwith.

One last point: It may be possible that future developments will correctly bring the jurisdictional amounts into play, thus permitting a further effort at removal at that time. If such

---

[3] In this instance "appears" really seems to be an understatement.

3

were to be the case, Esurance's counsel should check the Clerk's Office's cover sheet provision to identify the new removal as the refiling of a previously-dismissed action, so that the case would be assigned directly to this Court's calendar rather than being assigned at random.

                                                                                 */s/ Milton I. Shadur*
                                                                                 Milton I. Shadur
                                                                                 Senior United States District Judge

Date:   February 9, 2007